## TAYLOR v. LATHAM. (No. 6670.)

(Court of Civil Appeals of Texas. Austin.
Feb. 28, 1923.)

Partnership ⊛⚏119—Petition in action between partners held to authorize appointment of a receiver without notice.

The material allegations of a petition in an action by a partner against his copartner were that they contracted to drill a well, for which they received many acres of leases, which leases defendant sold, and had been engaged in drilling the well; that he had wasted the funds acquired through sale of the leases, and their contract to drill to a certain depth could not be performed for lack of funds; that defendant abandoned drilling, and took their agents and employees away, and their contract was about to be forfeited, whereby they would lose many valuable leases and other valuable property; that defendant fraudulently used the funds collected from sale of leases to buy other leases in his own name, on which plaintiff sought to create a lien; that defendant had conspired with others to defraud plaintiff out of his rights in the leases by requesting lessor to file affidavits that rentals were unpaid; that defendant and his wife were bookkeepers for the partnership, and refused to render a financial statement or let defendant see the books, or inform him as to what was being done in the business; and that plaintiff was thereby suffering, or that the property was about to suffer, irreparable injury, and it was in danger of being destroyed. Other general allegations authorized the appointment of a receiver under Vernon's Sayles' Ann. Civ. St. 1914, art. 2128, providing for such appointment in actions between partners where the partnership property or fund is in danger of being lost, removed, or materially destroyed. *Held*, that the appointment of a receiver without notice was authorized.

Appeal from District Court, Lee County; R. J. Alexander, Judge.

Suit by C. A. Latham against J. W. Taylor. From an interlocutory order appointing a receiver, defendant appeals. Affirmed.

Horace B. Barnhart, of Austin, and E. Simmang, of Giddings, for appellant.

The Bowers, of Giddings, for appellee.

BLAIR, J. This is an appeal from an interlocutory order of the district judge of Lee county, appointing a receiver in vacation without notice. The only question presented is the legal sufficiency of the allegations of the petition to authorize the appointment of a receiver without notice. The case is presented upon the record without briefs. The only evidence in the case is the sworn petition of appellee.

Appellee instituted the suit by sworn petition, for an accounting between himself and appellant as a copartnership, alleging that they were engaged in the oil drilling and oil lease business, under the form of a joint-stock company, and that appellant is in the active control and management of said business partnership.

The allegations material to the question in this case are that they had entered into a contract in Lee county to drill a well, for which they had received several thousand acres of leases, which leases the appellant sold, and had been engaged in drilling the well; that he had sold $15,000 worth or more of said leases, and that he had recklessly and carelessly wasted said funds, and that their contract to drill the well to a certain depth could not be carried out because of lack of funds; appellant had abandoned the drilling of the well, and had taken their agents and employees, engaged in the drilling of the well, away, and that said contract was about to be forfeited, whereby they would lose many valuable leases and much other valuable property; further alleging that appellant had fraudulently used the funds collected from the sale of said leases, and purchased other leases, in his own name, upon which appellee sought to create a lien; further alleging that appellant had conspired with other parties to defraud appellee out of his rights in the leases, by requesting the lessors to file affidavits, that the rentals had not been paid thereon; alleging further that appellant and his wife were the bookkeepers for said partnership, and that they refused to render appellee a statement, showing the financial condition of the partnership, or refused to let him see the books, or in any manner inform him as to what was being done relative to the carrying on of the partnership business; and that he was thereby suffering, or that the property was about to suffer, irreparable injury, and that it was in danger of being destroyed.

We find that there are many general allegations in the petition which would authorize the appointment of a receiver, as prayed for, under that portion of article 2128, Vernon's Sayles' Civil Statutes 1914, which provides:

"Or between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured."

We are of the opinion that the petition contains sufficient allegations of fact to authorize the appointment of the receiver, and the judgment is affirmed.

Affirmed.

---

⊛⚏For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes